IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL PUCCI<br>3855 Commodore Cove East<br>Reminderville, Ohio 44202 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT** |
| BOB CULTRONA LANDSCAPING CO.<br>7650 Bond Street<br>Glenwillow, Ohio 44139 | )<br>)<br>)<br>) | (Jury Demand Endorsed Herein) |
| -and- | )<br>) | |
| THOMAS CULTRONA<br>4055 Som Center Road<br>Moreland Hills, Ohio 44022 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

## INTRODUCTION

1. Pucci is a resident of the city of Reminderville, county of Summit, and state of Ohio.

2. Pucci is an "employee" within the meaning of 29 U.S.C. § 201 et seq. and Ohio Rev. Code § 4111.

3. Defendant Bob Cultrona Landscaping Co. is an Ohio Corporation with a principal place of business at 7650 Bond Street, Glenwillow, Ohio 44139.

4. At all times Bob Cultrona Landscaping was Pucci's "employer" within the meaning of 29 U.S.C. § 201 et seq. and Ohio Rev. Code § 4111.

5. At all relevant times Bob Cultrona Landscaping maintained control, oversight, and direction over Pucci, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

6. Upon information and belief, Bob Cultrona Landscaping is, at all times material herein, an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

7. Defendant Thomas Cultrona is a resident of Ohio.

8. At all times material herein, Cultrona was employed by Bob Cultrona Landscaping in a supervisory capacity over Pucci and was acting in the interest of Bob Cultrona Landscaping.

9. At all times material herein, Cultrona was Pucci's employer, within the meaning of 29 U.S.C. § 201 et seq. and Ohio Rev. Code § 4111.

10. Defendant Cultrona is the, President, and operator of Bob Cultrona Landscaping.

11. Cultrona is a resident of the city of Moreland Hills, county of Cuyahoga, and state of Ohio.

12. Per the Bob Cultrona Landscaping website "in 2007, Bob [Cultrona] retired and his son, Tommy [Cultrona], took over the family business."

13. At all relevant times, Cultrona has been actively involved in managing the operations of Bob Cultrona Landscaping.

14. At all relevant times, Cultrona has had control over Bob Cultrona Landscaping's pay policies.

15. At all relevant times, Cultrona has had power over personnel and payroll decisions at Bob Cultrona Landscaping.

16. At all relevant times, Cultrona has had the power to stop any illegal pay practices that harmed Pucci.

17. At all times relevant, Cultrona has had the power to transfer the assets and liabilities of Bob Cultrona Landscaping.

18. At all relevant times, Cultrona has had the power to declare bankruptcy on behalf of Bob Cultrona Landscaping.

19. At all relevant times, Cultrona has had the power to enter into contracts on behalf of Bob Cultrona Landscaping.

20. At all relevant times, Cultrona has had the power to close, shut down, and/or sell Bob Cultrona Landscaping.

## JURISDICTION AND VENUE

21. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

22. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental jurisdiction.

23. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendants operate business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

24. Bob Cultrona Landscaping hired Pucci as an operations manager on August 30, 2019.

25. Cultrona regularly referred to Pucci as his secretary and/or office manager.

26. Pucci primarily performed administrative and clerical tasks at the direction of Cultrona.

27. Pucci's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

28. In 2019 Cultrona instructed Pucci to hide her time cards in case the Department of Labor came in and checked payroll records.

29. Pucci worked, on average, 52 hours per work week.

30. Pucci was paid a salary of $1,000 per week at the time of her separation from Bob Cultrona Landscaping.

31. As a non-exempt employee, Pucci was entitled to time-and-a-half for all time worked in excess of 40 hours in a work week.

32. Pucci was entitled to $37.50 per hour for all time worked in excess of 40 hours in a work week.

33. Pucci was never paid any overtime compensation by Bob Cultrona Landscaping.

34. In or around October 2021 Pucci told Cultrona that she was working overtime and should be paid overtime compensation.

35. Cultrona acknowledged that Pucci should be paid on an hourly basis, but took no further action.

36. Pucci resigned from Bob Cultrona Landscaping on November 5, 2021.

### COUNT I – FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF FLSA

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

39. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendants to pay non-exempt employees like Pucci time and a half for all hours actually worked beyond 40 in a work week.

40. Pucci routinely worked over 40 hours every work week but Defendants did not pay her overtime compensation required by the FLSA.

41. Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Pucci.

42. Defendants knew Pucci worked without receiving time and a half for each hour worked over 40 in a workweek, and they willfully failed and refused to pay Pucci overtime compensation pursuant to 29 U.S.C. § 255.

43. Defendants' willful failure and refusal to pay Pucci overtime compensation for time worked violates the FLSA, 29 U.S.C. § 207.

44. As the direct and proximate result of Defendants' unlawful conduct Pucci has suffered and will continue to suffer a loss of income and other damages. Pucci is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

### COUNT II – FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT

45. By not paying Pucci proper overtime compensation for time worked, Defendants have violated the OMFWSA.

46. As a result of Defendants' violations, Pucci is entitled to damages, including, but not limited to, unpaid minimum wages, costs, and attorney's fees.

### COUNT III – UNTIMELY PAYMENT OF WAGES IN VIOLATION OF OHIO REV. CODE § 4113.15

47. All previous paragraphs are incorporated as though fully set forth herein.

48. During all relevant times, Defendants were entities covered by the Prompt Pay Act, Ohio Rev. Code § 4113.15, and Pucci was an employee within the meaning of Ohio Rev. Code § 4113.15 and was not exempt from its protections.

49. Ohio Rev. Code § 4113.15(A) requires Defendants to pay Pucci all wages, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

50. Pucci's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

51. In violating Ohio law, Defendants acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

52. As a result of Defendants' willful violation, Pucci is entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

**WHEREFORE**, Plaintiff Pucci prays for all the following relief:

> A. Back pay damages and prejudgment interest to the fullest extent permitted under the law;
>
> B. Liquidated damages to the fullest extent under the law;
>
> C. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and
>
> D. Such other legal and equitable relief as the Court deems appropriate.

      Respectfully Submitted,

      /s/ *Claire I. Wade-Kilts*
      Claire I. Wade-Kilts (0093174)
      Sean H. Sobel (0086905)
      Sobel, Wade & Mapley, LLC
      55 Erieview Plaza, Suite 370
      Cleveland, Ohio 44114
      T: (216) 223-7213
      F: (216) 223-7213
      wade@swmlawfirm.com
      sobel@swmlawfirm.com

      *Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)

## **CERTIFICATE OF SERVICE**

I certify that on November 12, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts

*Attorney for Plaintiffs*